Battle, J.
 

 In an indictment for larceny, the article, charged to be stolen, must be properly and sufficiently ■ described, so that there may be no doubt of its identity. This is required for the purpose of enabling the Court to see that the article is of value; and also for the protection of the accused, by informing him df the distinct charge against him, and furnishing him with the means of showing, if subsequently indicted for the same offence, that he has already been convicted or. acquitted of its
 
 *228
 
 commission.
 
 State
 
 v.
 
 Godet,
 
 7 Ired. Rep. 210. And the evidence must correspond with the description of the property laid.
 
 Ibid.
 
 Many nice questions have been raised on this subject, and some of the cases have turned upon distinctions savouring of almost too much refinement. See the note to the case of the
 
 King v. Halloway,
 
 1 Carr, and Payne 127, (11 Eng. C. L. Rep. 341.) Goods may be described by the name by which they are known in trade.
 
 King
 
 v.
 
 Nibbs,
 
 R. and Ryan 25, Arch. Grim. PL 170. The same principle must extend to articles known and used in all the arts, pursuits, and employments of life. In the note to the case of
 
 King v. Halloway,
 
 above referred to, the reporter, after stating that it is particularly necessary to be precise in an indictment, with regard to the descriptipn of stolen property, says that it is best, at least in one count, to call the thing by the name, by which the witnesses will, call it in their testimony. This is certainly in furtherance of th© main purposes for which a definite description is necessary, that is, to inform the accused of the' precise charge against him, and to enable him to defend himself against a subsequent indictment for the same offence.
 

 in the case before us, it would have been
 
 better
 
 undoubtedly
 
 to
 
 have described the stolen article, as one plough share, commonly called and known by the name of a bull tongue. But we think, that the appellation simply of
 
 “
 
 bull tongue” is sufficient. A certain species of plough share, made in the shape of the tongue of a bull, was, as the witnesses stated,
 
 usually
 
 called a bull tongue, and though it appeared that it was
 
 sometimes
 
 called by another name, yet the defendant could hardly have been mistaken as to the article, with the stealing cf which he stood charged.
 

 The counsel indeed objected that the name applied was a mere local one, but it does not appear that the name of the article stolen is less extensive than its use.
 
 We
 
 think therefore,, that there was no error in the charge
 
 *229
 
 of the Court upon this point, which is the only one necessary for us to decide.
 

 The reasons for the motion in arrest of the judgment, are not stated, and as we see none, it must be so certified to the Superior Court.
 

 Per Curiam. This opinion ordered to be certified to the Court below.