STATE v. ROBERT H. CAMPBELL.

*Indictment — Larceny — Evidence.*

1. Where on a trial for larceny there was a conflict of testimony as to whether the article alleged to be stolen was a "calf" skin or a "kip'" skin; *Held,* that His Honor properly left the disputed question to the jury and their verdict settled the same. But

2. In an indictment for larceny when the article stolen is described as a "calf" skin and is proven on the trial to be a "kip" skin; *Held,* to be no variance between the allegation and the proof.

(*State* v. *Moore,* 11 Ire. 70; *Reeves* v. *Poindexter,* 8 Jones, 308; *Henderson* v. *Crouse,* 7 Jones, 623, cited and approved.)

INDICTMENT for Larceny, tried at Fall Term, 1876, of IREDELL Superior Court, before *Buxton, J.*

The bill of indictment charged the defendant with stealing "one dressed calf skin" and the evidence was that the article stolen was a "kip skin." The defendant insisted that the variance was fatal but the Court held otherwise. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General,* for the State.
*Mr. R. F. Armfield,* for the defendant.

FAIRCLOTH, J.   The defendant was indicted and convicted for stealing "one dressed calf skin." The felony was established but the defendant requested His Honor to instruct the jury that they could not find him guilty because the evidence showed that the article taken was a "kip skin" which request was refused. The prosecutor called it "a dressed calf skin ready for work taken from a calf from four to six months old." Another witness acquainted with the "tanning business" testified that a calf skin is from a veal six

ten weeks old, and that from ten weeks to twelve months old it is called a "kip skin," and that if the calf is not well grown it is sometimes called a "calf" although over ten weeks old. This was the material evidence on this point.

The description in an indictment must be in the common and ordinary acceptation of property and with certainty sufficient to enable the jury to say that the article proved to be stolen is the same, and to enable the Court to see that it is the subject of larceny and also to protect the defendant by pleading *autre fois convict* or *autre fois acquit* in the event of future prosecution for the same offence so that there may be no doubt of its identity; and the evidence must substantially correspond with the description in the indictment. There are reported cases in which an acquittal was had on distinctions too refined, as where it was charged that *a pair* of stockings were stolen and it was proved that the stockings were odd ones; and where the charge was a stolen duck and it was proved to be a drake. These nice distinctions which frequently defeated the ends of justice were wiped out by our statute, that no "criminal proceeding by indictment * * * shall be quashed nor the judgment thereon stayed by reason of any informality or refinement, if in the bill or proceeding sufficient matter appears to enable the Court to proceed to judgment." Bat. Rev. ch. 33, § 60. The description must still be in a plain and intelligible manner and must correspond to the different forms of existence in which the same article is found. In its raw or unmanufactured state it may be described by its ordinary name, but if it be worked up into some other form &c., when stolen it must be described by the name by which it is generally known. *State* v. *Moore,* 11 Ire. 70.

When there is no evidence to a material matter the Judge may say so, but where there is a conflict in the evidence it must be left to the jury to pass upon the credibility of the

STATE *v.* CAMPBELL.

witnesses and their means of knowledge &c. *Reeves* v. *Poindexter*, 8 Jones, 308. And when the testimony is affirmative and negative it must be left to the jury with instructions that the former is entitled to more weight than the latter. *Henderson* v. *Crouse*, 7 Jones, 623.

In the case before us there is a conflict of testimony partaking also of an affirmative and negative kind. It was properly left to the jury who have said by their verdict that the defendant was guilty in manner and form as charged in the bill, which is the same thing as saying it was a " calf skin" and not a "kip skin" and this settled the disputed question, and His Honor was right in refusing to instruct the jury to acquit on account of a variance between the allegation and the proof. This is sufficient for this case but we feel willing to go further and say we think the distinction insisted on is not a practical one and was of no importance to the defendant in the trial of his case on its merits. Besides we know of no rule of law by which the Court could say precisely when the " calf " ceases and the " kip" begins. This would require some knowledge of their different pedigrees, habits and family relations, which are matters not well defined in the law books.

There is no error. Let this be certified to the end that the Court below may proceed according to law.

PER CURIAM.                    Judgment affirmed.