STATE v. WILLIAM D. NIPPER.

*Assignment of Error—Indictment—Larceny.*

1. A general statement that the appellant "excepted to the whole of the charge of the Court," is too vague, and will not be considered on appeal.

2. An indictment for larceny should describe the property alleged to be stolen with such particularity as will enable the Court to see that it is the subject of larceny; that will enable the accused to prepare any defence he may have, and protect him against a subsequent prosecution for the same act.

3. The charge that the defendant stole " three bushels of corn," is supported by proof that he stole three bushels of corn " in the ear."

(*State* v. *Harris;* 64 N. C., 167 ; *State* v. *Campbell,* 76 N. C., 261; and *State* v. *Martin,* 82 N. C., 672; cited and approved).

At July Criminal Term, 1886, of the Superior Court of WAKE, *Philips, Judge,* presiding, the defendant was tried upon

an indictment for BURGLARY, containing two counts—the first charging him with feloniously breaking and entering the dwelling-house of one Jackson, with the intent the goods and chattels of the said Jackson feloniously and burglariously to steal, &c.; and the second, that he did break and enter into said house, with the intent the goods and chattels of said Jackson feloniously and burglariously to steal, &c., "and then and there in said dwelling-house, three bushels of corn, the property of said Jackson, feloniously and burglariously did steal," &c.

Upon the first count there was a verdict of not guilty, but upon the second, the defendant was convicted of the larceny of the corn.

From the judgment thereupon he appealed.

*Attorney-General,* for the State.
*Mr. J. H. Fleming,* for the defendant.

MERRIMON, J. The indictment charges the defendant with stealing three bushels of corn, the property of the prosecutor. The appellant contends that this implies shelled corn, and that as the evidence on the trial went to prove that the corn stolen was in the ear, there was a substantial variance between the charge in the indictment and the proof, and therefore he was improperly convicted.

The charge in an indictment in respect to the things stolen, must be made with such reasonable certainty as that the Court can see and understand what is its nature and its identity, and as will enable the accused to make his defence, and to show, in case of a subsequent prosecution for the same charge, that he had been convicted or acquitted thereof.

Applying this rule of law, we think the indictment is sufficiently certain. In this country, the term corn applies mainly to maize or Indian corn, and it does not necessarily imply shelled corn. In a general sense—one in common

use—it implies corn either shelled or in the ear. Thus it is said of a farmer, that he produced on his farm a thousand bushels of corn, without reference to whether it is shelled or not. And so it is said, there is stored in a house a thousand bushels of corn—this implies that quantity shelled or unshelled. To say that a quantity of corn is shelled, or that it is unshelled, is to describe its condition in a certain respect; to say it is red, or white, or speckled, is to describe it in another respect and give it greater particularity.

The term is used in the indictment in the general sense mentioned above, and therefore, when the State proved that the defendant stole the corn of the prosecutor, shelled or unshelled, it proved the charge as laid. If the charge had been three bushels of shelled corn, or three bushels in the ear, or three bushels of red corn in the ear, it would have had greater particularity, and there would be more force in the appellant's contention. But it was not necessary to so describe the corn; it was sufficient to lay the charge as made, and proof that he stole corn in the ear supported the charge. *State* v. *Harris*, 64 N. C., 127; *State* v. *Campbell*, 76 N. C., 261; *State* v. *Martin*, 82 N. C., 672.

There is no exception specified in the record, nor any question presented other than that we have adverted to above. It is said vaguely in the case settled upon appeal, that "the defendant excepted to the whole charge" of the Court to the jury. This is no assignment of error at all; it raises no question for our decision. Upon an examination of the record, we find that the charge of the Court was fair and just, indeed, generous towards the defendant.

There is no error. Therefore, let this opinion be certified to the Superior Court, to the end that further proceedings may be had there in the action according to law.

No error. Affirmed.