STATE v. L. J. CAYLOR.

(Filed 20 December, 1919.)

1. **Appeal and Error—Objections and Exceptions—Evidence—Instructions— Misstatements—Larceny—Criminal Law.**

    An inaccurate statement of the evidence by the judge in his charge to the jury must have been called to his attention at the time by the party complaining to have afforded him an opportunity to make whatever correction that was necessary, or an exception thereto will not be considered on appeal.

2. **Instructions—Larceny—Criminal Law—Subsequent Conduct—Defenses.**

    An instruction upon supporting evidence that if the jury found that the defendant committed the crime charged, whatever he afterwards may have done was neither a defense or condonement of it in law, is a proper one.

3. **Larceny—Indictment—Description—Refinements—Statutes.**

    An indictment charging larceny of lumber at a certain place, and the name of the owner, is sufficient to identify the property, show it was of value, and protect the defendant on another charge of the same offense, the former technicalities or refinement of the law being now abolished. Rev., 3254. The procedure being for the defendant to apply for a bill of particulars if he desires more definite information. Rev., 3244.

INDICTMENT for larceny, tried before *Ray, J.,* and a jury, at July Term, 1919, of SWAIN.

The defendant was indicted for the larceny of lumber of the value of $200, the property of A. T. Dorsey. All of the evidence was not sent up. From the little that is here, we gather that the lumber was stacked or piled in different places. The record discloses "that the lumber (alleged to have been) stolen, was piled up in the barn, in the house, under the porch, under the crib shed, and neither was locked, and was near the road, where Dorsey's hands passed and repassed, and where it could easily be seen by anybody passing that way."

Defendant was convicted, and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Dillard & Hill, Sherrill & Harwood, and Frye & Frye for defendant.*

WALKER, J.  We must assume that there was evidence of the defendant's guilt, as there is no point made as to there being none, the only assignments of error being to the charge of the court and the refusal to arrest judgment, except those that are merely formal.

1. If the judge stated the evidence to the jury incorrectly, the defendant should have called his attention to it, so that it could be corrected at the time.  Failing to do so, waives any objection to it, as a similar omission waives the misstatement of a contention.  *S. v. Spencer,* 176 N. C., 709; *Bradley v. Mfg. Co.,* 177 N. C., 153.

2. The court did not err in the instruction that if the defendant had fully committed the crime, what he did afterwards was no defense and no condonement of it in law.

3. The property was sufficiently described in the indictment under our statute, Rev., 3254.  The rule is that "where raw material has been changed to some extent by labor, it may nevertheless still be called by the name of the material, provided it has not been wrought into a new substance with a specific name to designate it.  When, however, the product has a specific or distinguishing name, that name must be used to describe it."  25 Cyc., 76.  "The description in an indictment must be in the common and ordinary acceptation of property, and with certainty sufficient to enable the jury to say that the article proved to be stolen is the same, and to enable the court to see that it is the subject of larceny, and also to protect the defendant in any subsequent prosecution for the same offense."  *S. v. Campbell,* 76 N. C., 261; *S. v. Nipper,* 95 N. C., 653; *S. v. Martin,* 82 N. C., 672.  The Court, in those cases, says that the former nice distinctions and technical refinements of the common-law courts, when punishments were so severe, have been abolished more recently, and especially by our statute mentioned above, because they frequently defeated the ends of justice.  The Court, in *S. v. Campbell, supra,* adds:  "The description must still be in a plain and intelligible manner, and must correspond to the different forms of existence in which the same article is found.  In its raw or unmanufactured state it may be described by its ordinary name, but if it be worked up into some other farm, etc., when stolen, it must be described by the name by which it is generally known."  *Justice Reade* says, in *S. v. Harris,* 64 N. C., 127, that "the object of describing property stolen by its quality and quantity, is that it may appear to the Court to be of value.  The object of describing it by its usual name, ownership, etc., is to enable the defendant to make his defense, and to protect himself against a second conviction.

In the case under consideration, the substance of the charge is stealing flour—fifty pounds of flour—from which it is apparent that it was of value; and the exact quantity and value need not be proved. The objection made is that it was a 'sack of flour'; by which we understand flour in a sack or bag. If the defendant stole the flour, it makes no difference whether it was in a sack, or bag, or box, or lying about loose. It was of value, and its character was not changed. An indictment charged the stealing of 'a parcel of oats'; held to be sufficient. So another indictment charged the stealing of a 'hog'; the proof was a shoat; held to be sufficient." See *S. v. Clark,* 30 N. C., 226.

We are of the opinion that, within the principle prevailing in such cases, the description of the article stolen was sufficient. It was laid in the name generally applied to it in the trade, and in common parlance. It does not appear to have gone beyond the process of manufacture, and to have been worked into any new form which has a specific designation or name. The defendant could not have been misled or disconcerted in his defense, or put to any disadvantage. If he desired more particular information, he should have applied for a bill of particulars. Rev., 3244; *S. v. Brady,* 107 N. C., 822.

*Chief Justice Ruffin,* in *S.. v. Moses,* 13 N. C., 464, said: "The law was certainly designed to uphold the execution of public justice, by freeing the courts from those fetters of form, technicality, and refinement which do not concern the substance of the charge, and the proof to support it. Many of the usages of the law had before called nice objections of this sort a disease of the law, and a reproach to the bench, and lamented that they were bound down to strict and precise precedents, neither more brief, plain, nor perspicuous than that which they were constrained to reject. In all indictments, and especially those for felonies, exceptions extremely refined, and often going to form only, have been, though reluctantly, entertained. We think the Legislature meant to disallow the whole of them, and only require the substance, that is, a direct averment of those facts and circumstances which constitute the crime, to be set forth."

The Court, in *S. v. Smith,* 63 N. C., 234, held that our statutes have received a very liberal construction in accordance with their evident purpose to relieve our criminal procedure of many of the ancient technicalities which have become obsolete and useless, and "its efficacy had reached and healed numerous defects in the substance, as well as the form of indictments," and that the courts have looked with no favor on technical objections and nice distinctions, which are not conducive to an efficient and practical administration of the law—and the Legislature has been moving fast in the same direction. "The current is all one way, sweeping away by degrees 'informalities and refinements,' until a plain, in-

telligible and explicit charge is all that is now required in any criminal proceeding."

The defendant must have understood very clearly the charge in the bill of indictment, and certainly was not unprepared to defend himself against it, and we should obey the statute and not permit what *Lord Hale* and *Chief Justice Ruffin* called an "unseemly nicety" to defeat the ends of justice. *S. v. Moses, supra,* at pp. 468, 469; *S. v. Ratliff,* 170 N. C., 707.

We are unable to find any error in the case or record.

No error.