STATE OF NORTH CAROLINA v. GEORGE WILLIAMS, JR.

(Filed 22 May 1968.)

**1. Disorderly Conduct and Public Drunkenness § 2—**

The offense of public drunkenness, G.S. 14-335, is within the jurisdiction of a Justice of the Peace.

**2. Same—**

A warrant charging that defendant did "unlawfully and wilfully appear off of his premises in a drunken condition" is insufficient to charge the offense of public drunkenness proscribed by G.S. 14-335, since it fails to charge that defendant was in a public place.

**3. Indictment and Warrant § 9—**

A warrant must contain directly or by proper reference at least a defective statement of the crime charged.

**4. Same—**

A warrant should not be quashed if the essential matters of the offense are set forth therein.

**5. Indictment and Warrant § 12—**

Our courts have authority to amend warrants defective in form, and even in substance, provided the amendment does not change the nature of the offense charged in the original warrant.

APPEAL from *Godwin, S.J.,* October 1967 Criminal Session of the Superior Court of DUPLIN County.

This is a criminal prosecution upon a warrant. The defendant moved to quash the warrant in Superior Court because it did not charge an offense. The motion was denied. The solicitor moved to amend the warrant, the motion was allowed, and the warrant was amended to charge properly the crimes of public drunkenness and unlawful possession of tax paid whiskey with the seal broken. Upon plea of not guilty, the verdict of the jury was guilty of the charge of public drunkenness and not guilty of the charge of possession of whiskey.

From the judgment imposed, the defendant appeals.

*Attorney General T. W. Bruton, Deputy Attorney General Harrison Lewis, and James E. Magner, Staff Attorney, for the State.*
*Mercer and Thigpen by Ella Rose Thigpen for the defendant.*

MALLARD, C.J.  The defendant was first tried by a Justice of the Peace on a warrant issued by the Justice of the Peace, the pertinent parts thereof reading as follows: "On or about the 6 day of August, 1967, George Williams, Jr. was unlawfully, & wilfully, appear off of his premises in a drunken condition and did have in his possession tax paid whiskey with the seal broken."

The judgment rendered by the Justice of the Peace was: "After hearing the evidence in this case, it is adjudged that the defendant, GEORGE WILLIAMS, JR. PROBABLE CAUSE BEING FOUND, BE BOUND TO GENERAL COUNTY COURT is guilty" There was no other judgment entered by the Justice of the Peace.

The offense of public drunkenness is within the jurisdiction of a Justice of the Peace. G.S. 14-335 reads in part as follows: "If any person shall be found drunk or intoxicated in any public place, he shall be guilty of a misdemeanor and upon conviction or plea of guilty shall be punished by a fine of not more than fifty dollars ($50.00) or by imprisonment for not more than twenty days in the county jail."

Thereafter, in the General County Court of Duplin County the defendant was tried on the same warrant and found "guilty as charged" and the court "pronounced judgment." The record does not otherwise reveal of what he was found guilty or what the judgment was. There is nothing in the record showing that the defendant was tried or sentenced for public drunkenness in the Justice of the Peace court or the General County Court.

The defendant, insofar as this record shows, did not appeal from a judgment rendered by the Justice of the Peace on a public drunkenness charge.

From the verdict and judgment thereon in the county court, defendant appealed to the Superior Court. Before pleading in Superior Court, the defendant moved to quash the warrant for the reason that it did not charge an offense. The motion should have been allowed as to that portion relating to drunkenness. The warrant was fatally defective and void as to the attempted charge of public drunkenness. There are many places a person can be "off of his premises" and not be in a public place. Under the statute drunkenness becomes a crime when, and only when, it is in a public place. The omission to charge "in a public place" was not a mere informality or refinement; it was a failure to charge one of two essential

elements of the crime and a failure to express the charge in a plain, intelligible, and explicit manner. G.S. 15-153. Certainly, the warrant would have been void if it had charged the defendant "was unlawfully and wilfully in a public place" and failed to charge that he was drunk or intoxicated. In like manner, the warrant is void in that it charged that he was drunk but failed to charge that he was in a public place.

There are no facts or circumstances set out in the original warrant to bring the charge within the statutory definition of the crime of being drunk or intoxicated in a public place. A warrant must contain directly or by proper reference at least a defective statement of the crime charged. *State v. McGowan,* 243 N.C. 431, 90 S.E. 2d 703.

Our Supreme Court in *State v. Brown,* 225 N.C. 22, 33 S.E. 2d 121, held:

> "It is well settled by this Court, that the power of the Superior Court to allow amendments to warrants is very comprehensive. (citations omitted.) A warrant cannot be amended so as to charge a different offense. (citations omitted.) However, the Superior Court, under our statute, G.S. 7-149, Rule 12, may allow, within the discretion of the court, an amendment to a warrant both as to form and substance before or after verdict, provided the amended warrant does not change the nature of the offense intended to be charged in the original warrant. (citations omitted.) A warrant may be defective in form and substance and yet contain sufficient information to inform the defendant of the accusation made against him. Such a warrant may be amended."

Our statute, G.S. 7-149, Rule 12, also provides that the warrant shall not be quashed "if the essential matters are set forth therein." In this case the essential matter of being in a public place was not set forth therein, and since the Justice of the Peace, who had jurisdiction of a public drunkenness charge, did not enter judgment on a public drunkenness charge, we hold that the original warrant, under these circumstances, did not contain sufficient information to inform the defendant that he was charged with a violation of G.S. 14-335.

"Our courts have authority to amend warrants defective in form, and even in substance, provided the amendment does not change the nature of the offense charged in the original warrant." 4 Strong, N. C. Index 2d, Indictment and Warrant, § 12, p. 356.

"A warrant and the affidavit upon which it is based will be construed together and will be tested by rules less strict than those ap-

TOLER *v.* BRINK'S, INC.

plicable to indictments, but nevertheless, the warrant and the affidavit together must charge facts sufficient to constitute an offense under our criminal law." 4 Strong, N. C. Index 2d, Indictment and Warrant, § 9, p. 350.

In order to constitute a valid charge under a statute, the essential elements of the offense must be set forth in the warrant. "Where a warrant or indictment is fatally defective in failing to charge an essential element of the offense, the defect cannot be cured by amendment." 4 Strong, N. C. Index 2d, Indictment and Warrant, § 12, p. 357.

In view of the foregoing, it is not necessary to discuss the defendant's other assignments of error; however, an interesting question is raised by the defendant, but not decided, as to whether the private parking area of a mercantile establishment is a public place, at night, some hours after the mercantile establishment has closed for the night.

From the record in this case we cannot ascertain what the judgment in the Superior Court was. The record reads, "Judgment was suspended sentence on thirty days." It should be noted that the statute provides a maximum of twenty days imprisonment for the simple offense of being drunk or intoxicated in a public place.

Reversed.

BRITT and MORRIS, JJ., concur.