STATE OF NORTH CAROLINA v. HAROLD SAMUEL HAIGLER

No. 7219SC381

(Filed 24 May 1972)

1. **Indictment and Warrant § 12— amendment of indictment**

    The substance of a bill of indictment used in a trial may not be amended by the court or the solicitor after it has been returned by the grand jury as a true bill.

2. **Indictment and Warrant § 12; Burglary and Unlawful Breakings § 3; Larceny § 4— description of stolen property — amendment of indictment by solicitor**

    A bill of indictment for felonious breaking and entering and felonious larceny was not invalidated when the solicitor changed the description of the stolen property in the larceny count from "scrap copper" to "scrap bronze," since bronze is a copper-based alloy, and the change was one of form rather than of substance.

3. **Indictment and Warrant § 12; Burglary and Unlawful Breakings § 3; Larceny § 4— amendment of larceny and receiving counts — effect on breaking and entering count**

    Amendment by the solicitor of the description of the stolen property in felonious larceny and receiving counts of an indictment, if error, did not invalidate a count charging felonious breaking and entering, and was not prejudicial where the only sentence imposed was for breaking and entering.

4. **Criminal Law § 158— absence of charge from record — presumption**

    When the charge, or the part thereof excepted to, is not brought forward in the record, it is presumed that proper instructions were given to the jury by the trial judge.

APPEAL by defendant from *Collier, Judge,* 13 December 1971 Session of Superior Court held in CABARRUS County.

Defendant, an indigent, was tried upon a warrant charging him with driving while his driver's license was in a state of revocation and upon a bill of indictment charging him with the two felonies of (1) breaking and entering with intent to commit the crime of larceny and (2) larceny of scrap bronze of the value of one hundred dollars after breaking and entering with intent to steal. There was a third charge included in the bill of indictment of receiving stolen scrap bronze of the value of one hundred dollars, knowing it to have been stolen.

There appears in the record the following: "A jury was impaneled and the defendant was tried on the charges alleged in the Bill of Indictment after the solicitor changed the Bill of

Indictment to allege larceny of Bronze instead of copper, without objection by the defendant." From other portions of the record, however, it appears that the charge of receiving stolen goods knowing them to have been stolen was not submitted to the jury.

The defendant offered no evidence, and the evidence for the State is briefly summarized as follows: On 1 February 1971, the date the crimes were alleged to have been committed, police officers of the City of Concord stopped an automobile being operated by the defendant on the public streets thereof about 10:30 p.m. The defendant got out from of the driver's side of the automobile and ran. The defendant's driver's license was at that time in a state of revocation. Another occupant of the automobile, one Jimmy Kee, also ran. Donald Wise, the owner of the automobile, remained in the car and was arrested for public drunkenness. In the trunk of the car was found a large quantity of bronze and a pair of hand trucks put there by Kee and the defendant.

Earlier on the same day Kee and defendant Haigler had brought a barrel full of scrap bronze to the home of Wise and asked him to take it out in the country for them. Kee and defendant Haigler told Wise that they had gone into Foil's Junkyard, a scrap iron and metal business operated by Foil's, Inc., and had taken the scrap bronze. The building at Foil's Junkyard had been broken into and entered by someone pushing out a piece of aluminum that covered one of the windows. Parallel tracks about the same width and size as those of the hand truck led from the junkyard to the home of Wise. The barrel of scrap bronze that was missing from Foil's, Inc., was worth about $285.00.

There was a stipulation that the jury found the defendant not guilty of driving while his driver's license was in a state of revocation, but the following appears in the record:

"Having been found guilty of the offense of Felonious Breaking & Entering & Felonious Larceny which is a violation of G.S. 14-54 and of the grade of felony

It is ADJUDGED that the defendant be imprisoned for the term of not less than three (3) nor more than five (5) years in the State Prison."

The defendant appealed to the Court of Appeals, assigning error.

*Attorney General Morgan and Associate Attorney Speas for the State.*

*Hartsell, Hartsell & Mills by W. Erwin Spainhour for defendant appellant.*

MALLARD, Chief Judge.

We are not concerned on this appeal with the charge of driving an automobile while his driver's license was in a state of suspension because the defendant was found not guilty on that charge. Nor are we concerned with the charge of receiving stolen goods knowing them to have been stolen because the judge did not submit that charge to the jury.

The printed copy of the record on appeal does not indicate the fact that the bill of indictment was amended, but a photostatic copy of it filed herein with a "Motion in Arrest of Judgment" does reveal that the typewritten word "copper" describing the property stolen in the second and third counts was stricken out and the word "bronze" was written in by hand and that the initials "JER" (the solicitor's initials) were placed beside the amendment. This amendment changed the description of the property stolen from "scrap copper" to "scrap bronze." The main thrust of defendant's contention and argument is to the amendment to the second and third counts of the bill of indictment by the solicitor.

The courts had no power at common law to amend matters of substance in a bill of indictment. *State v. Sexton,* 10 N.C. 184 (1824) ; Annot. 17 A.L.R. 3d 1181, § 7; Annot. 14 A.L.R. 3d 1297, § 7; 42 C.J.S., Indictments and Informations, § 230. But some courts, in the absence of a permissive statute, have permitted amendments as to matters of form. Annot. 17 A.L.R. 3d 1181, § 4; Annot. 14 A.L.R. 3d 1297, §§ 8, 9. In the case of *State v. Cody,* 119 N.C. 908, 26 S.E. 252 (1896), the Supreme Court allowed an amendment to stand where it was made at the instance of the defendant in open court. However, in *State v. Dowd,* 201 N.C. 714, 161 S.E. 205 (1931), the defendant made a motion to amend the bill of indictment. The Court, citing *Sexton* and *Cody,* held that it was not error to deny the motion and said, "An indictment duly returned upon oath

cannot usually be amended by the court without the concurrence of the Grand Jury by whom it was found or the consent of the defendant." See also, *State v. Jackson,* 280 N.C. 563, 187 S.E. 2d 27 (1972).

We do not have a general statute in this State allowing amendments to bills of indictment; however, we do have several statutes, among which are G.S. 15-148, 149, 150, 151, 153 and 155, which seem to recognize that needless insistence on refinements, informalities, and technicalities required by the common law should be relaxed.

[1] By making the amendment to the second and third counts in the bill, the solicitor in the case before us was paying little, if any, attention to the well-established principle of law that the substance of a bill of indictment used in a trial may not be amended by the court or the solicitor after it has been returned by the Grand Jury as a true bill. Solicitors will best serve the administration of justice, as well as the expeditious and orderly processes of our courts, by observing approved rules of procedure and by refraining from trying defendants upon amended bills of indictment. By so doing they will thereby eliminate the raising of unnecessary questions as to which amendments are refinements and informalities under G.S. 15-153 and G.S. 15-155, and which are indispensable allegations under our Constitution and general statutory provisions.

The defendant contends that the amending of the bill of indictment, even though he did not object at the time, deprived the court of jurisdiction to try him and denied him his constitutional rights. We do not agree. *State v. Jackson, supra.*

The State argues that by failing to object to the amendment the defendant impliedly consented to it and also that the amendment made by the solicitor related only to form.

It is not necessary for decision in this case to rule on the effect of the failure of the defendant to object to the amendment. See *State v. Cody, supra,* and Annot. 17 A.L.R. 3d 1181, § 9. Furthermore, the defendant is correct in his argument that the description of the property alleged to have been stolen must be of sufficient certainty to enable the jury to say that the article proved to be stolen is the same. *State v. Ingram,* 271 N.C. 538, 157 S.E. 2d 119 (1967). In *State v. Caylor,* 178

N.C. 807, 101 S.E. 627 (1919), a rule with respect to the description of property is stated:

" * * * The Court, in those cases *(State v. Campbell,* 76 N.C. 261; *State v. Nipper,* 95 N.C. 653; and *State v. Martin,* 82 N.C. 672), says that the former nice distinctions and technical refinements of the common-law courts, when punishments were so severe, have been abolished more recently, and especially by our statute mentioned above, because they frequently defeated the ends of justice. The Court, in *S. v. Campbell, supra,* adds: 'The description must still be in a plain and intelligible manner, and must correspond to the different forms of existence in which the same article is found. In its raw or unmanufactured state it may be described by its ordinary name, but if it be worked up into some other forms, etc., when stolen, it must be described by the name by which it is generally known.' *Justice Reade* says, in *S. v. Harris,* 64 N.C., 127, that 'the object of describing property stolen by its quality and quantity, is that it may appear to the Court to be of value. The object of describing it by its usual name, ownership, etc., is to enable the defendant to make his defense, and to protect himself against a second conviction. * * *' "

In the case before us the description in the original bill was "scrap copper."

[2] "Bronze" is described in Webster's Third New International Dictionary (1968) as:

"1 a: an alloy of copper and tin and sometimes small proportions of other elements (as zinc and phosphorus) that is harder and stronger than brass, is used for a variety of industrial items (as wear plates, bushings, springs, clips, fasteners and chemical hardware) as well as for objects of art and bells, and is prepared from various proportions of the constitutent elements according to the purpose for which it is intended b: any of certain copper-base alloys containing considerably less tin than other alloying elements or no tin at all."

We think, however, that the word "scrap" is the key word, and inasmuch as bronze is a copper-based alloy, we hold that the amendment by the solicitor of the word "copper" to read

"bronze" did not produce a material change in the second and third counts in the bill of indictment so as to vitiate the entire bill. The scrap metal, if it were "bronze," was still a *scrap* metal with a *copper* base; and while the solicitor's act in changing the wording from "copper" to "bronze" is not approved, we think that such a change was more one of form than of substance under the circumstances of this case. It is difficult to percieve how such a change could prejudice the defense on the merits. See Annot. 17 A.L.R. 3d 1181, §§ 12, 13, and 42 C.J.S., Indictments and Informations, § 231.

With respect to the effect of an amendment of one count in a bill of indictment upon another unamended count in the same bill, courts in other states are not in harmony. In 41 Am. Jur. 2d, Indictments and Informations, § 207, p. 1008, it is said:

" * * * There is authority, particularly in those jurisdictions which adhere to the rule that the court has no power to authorize an amendment of the indictment, which supports the rule that an unauthorized amendment of an indictment invalidates the indictment, whether the amendment goes to matters of form or surplusage or matters of substance, and leaves the court without power to proceed under the amended pleading. Some courts, however, take the view that an unauthorized or invalid amendment should not operate to arrest the power of the court to proceed with the trial of the case, but that the amendment should be regarded as ineffective or the matters introduced thereby treated as surplusage, and the trial should proceed on the original accusation.

It has been held that an unauthorized amendment of one count does not affect the right of the court to proceed with the trial of the defendant on other counts in the indictment or invalidate conviction based thereon, or upset the convictions of codefendants not prejudiced by the amendment."

However, in *State v. Jackson, supra,* while the jury was deliberating, the solicitor moved and was allowed to amend the first count in the bill of indictment, and the court held that "(e)rror, if any, relating solely to the first count is of no avail to defendant since the sentences pronounced by Judge Johnston run concurrently."

[3] In the case before us, there were three separate and distinct counts in the bill of indictment. The solicitor did not change or amend anything in the first count, which charged the defendant with the felony of breaking and entering with intent to steal. That particular count is proper in form and is sufficient, and the amendment by the solicitor of the second and third counts in the bill of indictment did not invalidate the first count. Moreover, if the solicitor had no authority to amend, then the vain attempt to amend the second and third counts did not nullify, destroy or rescind the action of the Grand Jury in returning the first count a true bill, and it was proper to proceed thereon. *State v. Jackson, supra.*

The record states that the jury found the defendant guilty of the offense of "Felonious Breaking & Entering & Felonious Larceny which is a violation of G.S. 14-54 and of the grade of felony." The statute G.S. 14-54 concerns only the crimes of breaking or entering buildings and does not relate to the felony of larceny. Only one prison sentence was imposed and that sentence appears to be on the charge of breaking or entering. The crime of larceny after breaking or entering is punishable as provided in G.S. 14-72. Even if the two counts were consolidated, which the record does not support, there was only one sentence, and it was within the limits provided for punishment for the felony of breaking or entering with intent to steal under G.S. 14-54. Furthermore, no prejudicial error appears, because the record reveals that the defendant was sentenced under the first count, and the amendments to the second and third counts had no effect on the charge on the first count in the bill. *State v. Jackson, supra.*

[4] The full text of the instructions by the trial judge to the jury does not appear in this record. In fact, the portion relating to the doctrine of recent possession, to which the defendant excepts, does not appear in the record at all. When the charge, or the part thereof excepted to, is not brought forward in the record, it is presumed that proper instructions were given to the jury by the trial judge. *State v. Moore,* 279 N.C. 455, 183 S.E. 2d 546 (1971); *State v. Brown,* 226 N.C. 681, 40 S.E. 2d 34 (1946).

There was ample evidence of the guilt of the defendant of breaking or entering with intent to steal, as well as of larceny. The trial judge did not commit error in denying de-

fendant's motion to dismiss and in submitting the case to the jury.

The defendant's motion in arrest of judgment, filed in this court, is denied.

We have considered all of defendant's assignments of error properly brought forward, and in the trial, conviction and sentencing of the defendant, we find no prejudicial error.

No error.

Judges CAMPBELL and BROCK concur.