STATE OF NORTH CAROLINA v. THOMAS EDWARD BOHANNON

No. 7521SC229

(Filed 2 July 1975)

**Indictment and Warrant § 12— driving "after" license suspended — amendment of warrant — "while" license suspended**
> The trial court properly denied defendant's motions to quash the warrant and to dismiss the charges due to the running of the statute of limitations where the warrant issued on 2 January 1972 charged defendant with driving *after* his license was suspended and the warrant was amended on 16 October 1974 to substitute *while* for the word *after*.

APPEAL by defendant from *Albright, Judge.* Judgment entered 14 January 1975. Heard in the Court of Appeals 15 May 1975.

Defendant was charged under a warrant issued 2 January 1972, which provided that:

> ". . . on or about the 1st day of January, 1972, the defendant named above did unlawfully, wilfully, and feloniously Drive a motor vehicle upon a public highway within the State of North Carolina, to-wit: 1400 Blk. of East 26th Street, Winston-Salem, N. C., after while his operator's license has been suspended indefinately on April 2nd 1971. (Warrant amended to delete *after* & place the word *while*. 10/16/74 ABNER ALEXANDER, Judge.)"

In October 1974, the case came on for trial in the district court whereupon defendant pled not guilty. At that time, Judge Alexander amended the warrant to delete the word "after" and

insert the word "while." The court found the defendant guilty, and from a judgment imposing a term of imprisonment, defendant appealed de novo to the superior court.

The case came on for trial in the superior court on 13 January 1975 whereupon defendant moved (1) to quash the warrant and (2) to dismiss the charges due to the running of the statute of limitations. Both motions were denied and the defendant pled not guilty. The jury returned a verdict of guilty of driving while license suspended and from a judgment imposing a term of imprisonment, defendant appealed.

*Attorney General Edmisten by Associate Attorney Jerry J. Rutledge for the State.*

*Carol L. Teeter for the defendant.*

CLARK, Judge.

This appeal presents the following question: Was the affidavit supporting the warrant for arrest so defective that it was void on its face and not subject to amendment by the District Court prior to trial?

The defendant contends that the warrant, though issued on 2 January 1972, was so fatally defective that it could not be cured by amendment and did not toll the statute of limitations; and that more than two years having expired since the date of the alleged offense, the prosecution was barred.

The defendant relies on the following quotation from 4 Strong, N. C. Index 2d, Indictment and Warrant, § 12 at 357 (1968): "Where a warrant . . . is fatally defective in failing to charge an essential element of the offense, the defect cannot be cured by amendment." Strong cites the following cases in support of this rule: *State v. Tarlton,* 208 N.C. 734, 182 S.E. 481 (1935); *State v. Cole,* 202 N.C. 592, 163 S.E. 594 (1932); *State v. Haigler,* 14 N.C. App. 501, 188 S.E. 2d 586, *cert. denied,* 281 N.C. 625, 190 S.E. 2d 468 (1972). An examination of these cases reveals that both the *Haigler* and *Cole* cases involved not warrants but indictments which had been returned by a grand jury; and that *Tarlton* held that the Superior Court had no authority to amend a warrant *after verdict* where a material element of the offense is omitted.

Nor does *State v. Sossamon,* 259 N.C. 374, 130 S.E. 2d 638 (1963) support defendant's position. The *Sossamon* case held

that a warrant charging the operation of a motor vehicle on the public highway *after* his driver's license had been revoked or suspended fails to charge a violation of G.S. 20-28 since the statute required that the operation occur *while* or during the period of suspension, and that the defective warrant did not support the verdict, which the court arrested. *Sossamon* did not involve an amendment before trial as did *State v. Moore,* 247 N.C. 368, 101 S.E. 2d 26 (1957), where the warrant charged the operation of a motor vehicle "after his operator's permit having been permanently revoked." The Superior Court allowed the State to amend by adding, "Said license having been permanently revoked by the Department of Motor Vehicles by reason of the defendant having been convicted in the Municipal Court . . . on the 24th day of March, 1950." The Supreme Court found no error and stated: " 'under our practice, our courts have authority to amend warrants defective in form and even in substance: Provided the amended warrant does not change the nature of the offense intended to be charged in the original warrant.' " *State v. Moore, supra,* at 370. See also *State v. McHone,* 243 N.C. 231, 90 S.E. 2d 536 (1955); *State v. Brown,* 225 N.C. 22, 33 S.E. 2d 121 (1945).

But where the warrant does not contain sufficient information to notify the defendant of the nature of the crime charged and fails to contain even a defective statement of the offense, it is fatally defective and cannot be cured by amendment. *State v. Thompson,* 233 N.C. 345, 64 S.E. 2d 157 (1951); *State v. Williams,* 1 N.C. App. 312, 161 S.E. 2d 198 (1968).

In this case the original warrant contained a defective statement of the offense charged, adequately notified the defendant of the offense charged, and, therefore, was properly cured by amendment before trial. Upon issuance of the warrant on 2 January 1972 the statute of limitations was tolled.

The other assignments of error having been abandoned, we find

No error.

Judges BRITT and ARNOLD concur.