State v. Staten

STATE OF NORTH CAROLINA v. JOHNNIE STATEN, JR.

No. 768SC714

(Filed 2 March 1977)

1. **Unlawful Assembly; Weapons and Firearms— terrorizing people with dangerous weapon — elements of offense**

   The essential elements of the common law offense of intentionally going about armed with an unusual and dangerous weapon to the terror of the people are: (1) armed with unusual and dangerous weapons, (2) for the unlawful purpose of terrorizing the people of the named county, (3) by going about the public highways of the county, (4) in a manner to cause terror to the people.

2. **Unlawful Assembly; Weapons and Firearms— terrorizing people with dangerous firearm — sufficiency of indictment**

   A magistrate's order was insufficient to charge defendant with the common law offense of intentionally going about armed with an unusual and dangerous weapon to the terror of the people, since the order in no way charged defendant with the unlawful purpose of terrorizing the people of the county or with going about the public highways of the county in a manner to cause terror to the people; therefore, defendant's motion in arrest of judgment should have been allowed.

APPEAL by defendant from *Small, Judge.* Judgment entered 9 July 1976 in Superior Court, LENOIR County. Heard in the Court of Appeals 9 February 1977.

The defendant was first tried in the district court on an order issued by a magistrate, reading as follows:

" . . . [T]he defendant named above did unlawfully, wilfully, and intentionally did arm himself with a dangerous weapon, and did go about armed with a 30 caliber semi-automatic weapon to the terror of the citizens in violation of the following law: Common law."

The defendant was convicted in district court and appealed. In superior court, he moved to dismiss the magistrate's order for the reason that it failed to charge the defendant with a crime and on the ground that an amendment could not be allowed to correct the deficiencies. After this motion was denied, the district attorney then moved to amend the magistrate's order. This motion was allowed, and the magistrate's order was amended to charge that defendant:

" . . . [D]id unlawfully and wilfully arm himself with an unusual and dangerous weapon, to wit: .30 caliber semi-

automatic weapon for the purpose of terrifying and alarming the citizens of Lenoir County, and did go upon and about the public highway of Lenoir County in a manner as would and did cause terror and annoyance and danger to the citizens of said county, in violation of the following law: Common Law."

Defendant pleaded not guilty. He was convicted by the jury and sentenced to imprisonment. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*Russell Houston III for the defendant.*

MARTIN, Judge.

Defendant's assignments of error raise two questions: (1) Did the trial court err in denying the defendant's motion to dismiss the magistrate's order and in allowing the State's motion to amend said order, and, (2) did the trial court err in denying the defendant's motion for a directed verdict at the close of State's evidence and again at the close of all the evidence?

The State's evidence tends to show that on the third day of January 1976 an argument developed in a tavern between defendant, Larry Murrell, and Ronny Moore; that the fight was stopped and defendant went out to his car, which was parked behind Murrell's car, and waited; that the tavern closed about 2:30 a.m. and Murrell went to his car; that defendant got out of his car carrying a rifle and told Murrell that he was "going to get him"; that Moore then came from across the street and pointed a sawed-off shotgun at defendant; that the police then arrived and arrested Moore and defendant; that defendant's weapon was a .30 caliber semi-automatic rifle; and that there was a loaded clip in the rifle.

Defendant testified that he did not have a weapon when he got out of his car to speak with Murrell; that he saw someone running at him with a sawed-off shotgun; that he then got in his car and attempted to load his rifle; but that he was unable to do so before the man with the shotgun ordered him out of his car.

[1] In *State v. Dawson*, 272 N.C. 535, 159 S.E. 2d 1 (1968), the court enumerated the four essential elements to charge the

common law offense of intentionally going about armed with an unusual and dangerous weapon to the terror of the people, namely: (1) armed with unusual and dangerous weapons, (2) for the unlawful purpose of terrorizing the people of the named county, (3) by going about the public highways of the county, (4) in a manner to cause terror to the people.

[2]   The original magistrate's order fails to charge the last three necessary elements of the crime as required by *State v. Dawson, supra*. The original magistrate's order was insufficient since it in no way charged defendant with the unlawful purpose of terrorizing the people of the county or with going about the public highways of the county in a manner to cause terror to the people. In that the magistrate's order does not contain sufficient information to notify the defendant of the nature of the crime charged and fails to contain even a defective statement of the offense, it is fatally defective and cannot be cured by amendment and the motion for arrest of judgment should have been allowed. *State v. Thompson*, 233 N.C. 345, 64 S.E. 2d 157 (1951); *State v. Bohannon*, 26 N.C. App. 486, 216 S.E. 2d 424 (1975); see *State v. Williams*, 1 N.C. App. 312, 161 S.E. 2d 198 (1968).

In view of our holding, we do not deem it necessary to consider the second question raised.

Judgment arrested.

Judges PARKER and ARNOLD concur.