STATE OF NORTH CAROLINA v. DONALD CLAYTON MADRY, JR.

No. COA99-1271

(Filed 21 November 2000)

**1. Hunting and Fishing— taking bear with bait—aiding and abetting—insufficient allegations**

A warrant for taking bear with bait was properly dismissed where the warrant charged that defendant "did aid and abet Richard G. McCormack by taking bear with the use and aid of bait" because the phrase "by taking bear with use and aid of bait" simply describes the way in which defendant aided and abetted McCormack, and does not specifically state the underlying offense committed by McCormack for which defendant would be on trial under the aiding and abetting theory. The aiding and abetting language cannot be treated as surplusage because the warrant as worded would then make no sense. N.C.G.S. § 113-294(c1).

**2. Indictment and Information— defective warrant— amended—fatal error not cured**

A fatally defective warrant charging a misdemeanor was not cured by an amendment in district court. Instead of issuing an amendment, the State should have filed a statement of charges.

**3. Statute of Limitations— misdemeanor—invalid warrant**

Further prosecution for taking bear with bait was barred by the statute of limitations where the warrant was dismissed as ineffective. While the statute of limitations may be tolled upon the issuance of a valid warrant, a void or invalid warrant does not

toll the statute and, while defective indictments may be refiled within one year, no such exception exists for warrants.

Appeal by the State from order entered 30 June 1999 by Judge Dennis J. Winner in Tyrrell County Superior Court. Heard in the Court of Appeals 20 September 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General John G. Barnwell, for the State.*

*The Robinson Law Firm, by Leslie S. Robinson, for defendant-appellee.*

LEWIS, Judge.

[1] The only issue before us is the validity of the warrant allegedly charging defendant with the crime of taking bear with bait, in violation of N.C. Gen. Stat. § 113-294(c1). Defendant was convicted in district court but appealed to the superior court for a trial de novo. Defendant then filed a motion to dismiss the warrant as insufficient, which motion was granted. The State now appeals.

To be sufficient, any charging instrument, whether an indictment, arrest warrant, or otherwise, must allege all essential elements of the crime sought to be charged. N.C. Gen. Stat. § 15A-924(a)(5) (1999). The purpose of this requirement is to ensure that a defendant may adequately prepare his defense and be able to plead double jeopardy if he is again tried for the same offense. *State v. Westbrooks*, 345 N.C. 43, 58, 478 S.E.2d 483, 492 (1996). We conclude that the warrant here was insufficient because it did not adequately apprise defendant of the specific offense with which he was being charged.

The arrest warrant here charged defendant as follows:

[T]he defendant named above unlawfully, willfully did aid and abet Richard G. McCormack by taking bear with use and aid of bait.

Ultimately, the "aid and abet" language is what renders this warrant flawed. Specifically, the warrant charges that defendant aided and abetted Richard G. McCormack, but it does not allege the underlying offense that *Mr. McCormack* committed. The warrant does cite section 113-294(c1) as the statute defendant allegedly violated. That statute makes it a misdemeanor to "take[], possess[], transport[], sell[], possess[] for sale, or buy[] any bear or bear part." N.C. Gen.

Stat. § 113-294(c1). Significantly, under the statute, each of the above acts constitutes a separate offense. *Id.* The warrant here does not denominate which offense or offenses Mr. McCormack committed.

In this context, the phrase "by taking bear with use and aid of bait" is purely descriptive; it simply describes the way in which defendant aided and abetted Mr. McCormack. Under an aiding and abetting theory, defendant would be guilty of the offense committed by Mr. McCormack. *See State v. Polk,* 309 N.C. 559, 567, 308 S.E.2d 296, 300 (1983) ("[A] person who is present and aids and abets another in the commission of a criminal offense is as guilty as the principal perpetrator of the crime."). But here, we do not know what that offense is. As stated earlier, the statute cited in the warrant criminalizes not only the taking of bear but also the sale, possession, transportation, and buying of bear as well. Perhaps defendant took the bear by bait and then Mr. McCormack sold it. If so, under the aiding and abetting theory alleged in the warrant, defendant would be guilty of the *sale* of bear—not the taking of it. On the other hand, perhaps defendant took the bear with bait and then Mr. McCormack transported it. If so, under the aiding and abetting theory, the alleged offense again would be the *transportation* of the bear—not the taking of it. Or perhaps both Mr. McCormack and defendant played a role in taking the bear. If so, then the charged offense would be the taking of the bear. Quite simply, we just do not know because the warrant does not specifically state the underlying offense allegedly committed by Mr. McCormack for which defendant would be on trial under the aiding and abetting theory.

The State responds that we should simply ignore the "aiding and abetting" language. Because aiding and abetting is not a substantive offense but just a theory of criminal liability, allegations of aiding and abetting are not required in an indictment or warrant. *State v. Ainsworth,* 109 N.C. App. 136, 142-43, 426 S.E.2d 410, 414-15 (1993). And because it is not required, the State argues the language may be treated as surplusage. We completely agree; the "aiding and abetting" language could be treated as surplusage here. *Cf. Westbrooks,* 345 N.C. at 57, 478 S.E.2d at 492 (1996) ("Thus, the allegation of the indictment that defendant acted in concert . . . is an allegation beyond the essential elements of the crime charged and is, therefore, surplusage."). However, were we to do so, the warrant simply makes no sense. All that would be left is the charge that "the defendant named above unlawfully, willfully did by taking bear with use and aid of

bait." This no more saves the warrant than leaving the "aiding and abetting" language in. The warrant is flawed either way. Accordingly, we conclude the superior court judge properly dismissed the warrant.

**[2]** We note that the State amended the warrant before trial in the district court pursuant to N.C. Gen. Stat. § 15A-922(f). We need not consider this amendment, however, because the original warrant was fatally deficient. "[W]here the warrant does not contain sufficient information to notify the defendant of the nature of the crime charged and fails to contain even a defective statement of the offense, it is fatally defective and cannot be cured by amendment." *State v. Bohannon*, 26 N.C. App. 486, 488, 216 S.E.2d 424, 425 (1975). Instead of issuing an amendment, the State should have filed a statement of charges to rectify the situation. N.C. Gen. Stat. § 15A-922(b). For whatever reason, the State chose not to do so.

**[3]** Finally, we point out that the result of our disposition is that the statute of limitations has now run and defendant may not be re-tried under a valid warrant or statement of charges. N.C. Gen. Stat. § 15-1 prescribes a two-year statute of limitations for all misdemeanors except "malicious misdemeanors." The alleged offense here occurred on 15 November 1997, well over two years ago. Our Supreme Court has affirmatively stated that this statutory period is tolled upon the issuance of a *valid* warrant. *State v. Hundley*, 272 N.C. 491, 493-94, 158 S.E.2d 582, 583-84 (1968). The issuance of a void or invalid warrant, however, does not toll the statute. *Id.* Our legislature has set forth a limited exception to this two-year period: defective *indictments* may be refiled within one year of dismissal. N.C. Gen. Stat. § 15-1. But this exception only applies to indictments; no such exception exists for warrants. *Hundley*, 272 N.C. at 493, 158 S.E.2d at 583. Accordingly, any attempt to issue a new criminal pleading now would be barred by the two-year statute of limitations.

Affirmed.

Judges WYNN and HUNTER concur.