HUDSON, Judge.
On 2 December 2001, warrants were issued charging defendant Michael Brandenburg with driving while impaired (DWI), driving while license revoked (DWLR), and possessing an open container of an alcoholic beverage in the passenger compartment of a motor vehicle. After conviction on all charges in district court, defendant appealed for a trial de novo in superior court. The matter was called for trial at the 4 November 2003 criminal session of the superior court in Durham County. The jury convicted defendant of DWI and DWLR, but found him not guilty of the open container charge. The court sentenced defendant to twenty-five months on the DWI charge and 120 days suspended, and thirty-six months supervised probation to run at the expiration of the active sentence on the DWLR charge. Defendant appeals. For the reasons discussed below, we conclude there was no error.
The evidence tended to show that on 2 December 2001, Durham County Deputy Sheriff Chris Vermillion ("Deputy Vermillion") arrived at the scene of a single vehicle accident. Deputy Vermillion found pieces of a vehicle's bumper in the road, and then saw defendant's red pickup truck in a nearby driveway. The truck was missing a piece of plastic cowling from the front bumper and defendant was standing nearby with dirt in his hair and on his shirt. The owner of a nearby home also stood near the truck. Deputy Vermillion asked defendant what had happened and defendant first told the deputy that he had been driving in the grass, then claimed that someone had hit him from behind and made him wreck. Deputy Vermillion testified that defendant was weaving back and forth as he talked, and smelled strongly of alcohol.
Deputy Vermillion testified that he placed defendant under arrest for DWI without administering a field sobriety test because he could tell defendant could not perform the test. Deputy Vermillion handcuffed defendant and placed him in the back of the patrol car, and then went to speak to the homeowner. Deputy Vermillion then heard defendant screaming and returned to the patrol car. Defendant complained that the handcuffs were too tight, and Deputy Vermillion loosened the cuffs and moved defendant to the front seat of the car. Defendant then began yelling "don't beat me," and fell face-down out of the car onto the gravel. Defendant said he was hurt, and Deputy Vermillion called an ambulance, but left defendant on the ground while awaiting its arrival.
The ambulance took defendant to the hospital, while Deputy Vermillion collected a three-quarters empty bottle of grape wine, a coat and a shotgun from defendant's truck. Deputy Vermillion then followed the ambulance to the hospital. Deputy Vermillion called for a chemical analyst to come to the hospital, but defendant refused to allow a blood test.
At the close of the State's evidence, defendant moved to dismiss the DWI and open container charges based on defective warrants, citing N.C. Gen. Stat. § 15A-924(a)(5) and based on sufficiency of the evidence. The court denied the motions to dismiss, and allowed the State to file misdemeanor statements of charges ("statements") for the DWI and open container offenses to cure any deficiencies in the warrants.
Defendant testified that a relative of his had been driving his truck at the time of the accident and had left the scene to get a jack to fix the truck's blown tire.
Defendant argues that the court erred in failing to dismiss the charge of DWI because both the warrant and misdemeanor statement of charges were defective. We disagree.
Defendant contends that the original warrant on the DWI charge was defective because it omitted the essential element that the offense occurred on a highway or public vehicular area. The original warrant read:
I, the undersigned, find that there is probable cause to believe that on or about the date of offense shown and in the county named above the defendant named above unlawfully and did willfully operate a motor vehicle while subject to an impairing substance.
Following the close of the State's evidence, defendant raised this issue and moved to dismiss the DWI charge. The State acknowledged that the warrant was defective, but argued that it could cure the defect by filing a misdemeanor statement of charges pursuant to N.C. Gen Stat. § 15A-922(e) as long as the statement did not change the nature of the offense charged. The court denied defendant's motion to dismiss and allowed the State to file the misdemeanor statement of charges. The statement filed read:
I, the undersigned, upon information and belief allege that on or about the date of offense shown and in the county named above the defendant named above did unlawfully and willfully operate a motor vehicle on a street, that street being Ellis Chapel Road, while subject to an impairing substance.
Defendant then requested three working days to prepare after the filing of the statement, which request the court denied, suggesting that the statement made no material change. Defendant contends that N.C. Gen Stat. § 15A-922(e) does not permit the State to file a statement after the close of its evidence because it substantially changed the nature of the State's theory of the case and did not provide him sufficient notice.
"To be sufficient, any charging instrument, whether an indictment, arrest warrant, or otherwise, must allege all essential elements of the crime sought to be charged." State v. Madry, 140 N.C. App. 600, 601, 537 S.E.2d 827, 828 (2000) (citing N.C. Gen. Stat. § 15A-924(a)(5) (1999)). "The purpose of this requirement is to ensure that a defendant may adequately prepare his defense and be able to plead double jeopardy if he is again tried for the same offense." Id. In Madry, this Court held a warrant fatally defective because it charged the defendant with aiding and abetting another in the charged offense, rather than with committing the underlying offense itself. Id. We noted that, "[i]nstead of issuing an amendment, the State should have filed a statement of charges to rectify the situation." Id. at 603, 537 S.E.2d at 829 (citing N.C. Gen. Stat. § 15A-922(b)). Further, as to the timing of the filing, N.C. Gen. Stat. § 15A-922(f) provides
Amendment of Pleadings prior to or after Final Judgment. - A statement of charges, criminal summons, warrant for arrest, citation, or magistrate's order may be amended at any time prior to or after final judgment when the amendment does not change the nature of the offense charged.
N.C. Gen. Stat. § 15A-922(f) (emphasis supplied).
Here, the State took exactly the action suggested and approved by this Court in Madry, namely filing a statement of charges to cure a defective warrant. Subsection (f) allows such filings "at any time prior to or after final judgment" so long as "the amendment does not change the nature of the offense charged." The defective warrant made clear the nature of the offense defendant was charged with (driving while impaired).
Defendant further alleges constitutional error in the court's denial of his motion to dismiss. However, defendant's brief fails to argue this issue, and thus waives appellate review of it. N.C. R. App. P. 10(c)(4). Defendant also refers to plain error in this argument, but fails to argue plain error in his brief. An "empty assertion of plain error, without supporting argument or analysis of prejudicial impact, does not meet the spirit or intent of the plain error rule." State v. Cummings, 352 N.C. 600, 637, 536 S.E.2d 36, 61 (2000), cert. denied, 532 U.S. 997, 149 L. Ed. 2d 641 (2001). "By simply relying on the use of the words 'plain error' as the extent of his argument in support of plain error, defendant has effectively failed to argue plain error and has thereby waived appellate review." Id. (citing N.C. R. App. P. 10(c)(4)).
No error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).