STATE OF NORTH CAROLINA v. KAREN GAIL CARAWAN

No. 853SC890

(Filed 1 April 1986)

**Automobiles § 122— driving while impaired—park as public vehicular area**

Where defendant allegedly drove while impaired in a park maintained and supported by a city and county, evidence permitted a finding that at the time in question, the portion of the park grounds legally in use as a parking lot for attendees at a river race was a "public vehicular area" within the meaning of N.C.G.S. § 20-4.01(32).

APPEAL by defendant from *Phillips, Judge*. Judgment entered 14 May 1985 in Superior Court, CRAVEN County. Heard in the Court of Appeals 14 January 1986.

Defendant appeals from a judgment of imprisonment entered upon a verdict of guilty of impaired driving.

*Attorney General Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Voerman & Ward, P.A., by William F. Ward, III, for defendant appellant.*

WHICHARD, Judge.

Defendant's sole contention is that the court erred in denying her motions to dismiss and for judgment notwithstanding the verdict. The basis of the contention is that the State's evidence was insufficient as a matter of law to permit a finding that the offense occurred upon a "public vehicular area" as defined by N.C. Gen. Stat. 20-4.01(32). We disagree.

N.C. Gen. Stat. 20-138.1(a) provides:

A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance; or

(2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.10 or more.

N.C. Gen. Stat. 20-4.01(32) defines "public vehicular area," as used in Chapter 20 of the General Statutes, in pertinent part as follows:

Any area within the State of North Carolina that is generally open to and used by the public, including by way of illustration and not limitation any drive, driveway, road, roadway, street, alley, or parking lot upon the grounds and premises of:

a. Any public or private hospital, college, university, school, orphanage, church, or any of the institutions, parks or other facilities maintained and supported by the State of North Carolina or any of its subdivisions[.]

It further provides: "The term 'public vehicular area' shall not be construed to mean any private property not generally open to and used by the public."

The evidence as to the locale of the alleged offense here, and the use of the locale at the time, was as follows:

The Bicentennial Park is located in the city of New Bern in Craven County. On the date in question the city and county each owned a portion of the park.

Generally, the park is used as a recreation area and is closed to motor vehicles. Signs at the entrances state: "[N]o parking on the grass, no vehicles allowed."

On the occasion of special events, however, the city "identif[ies] a parking area out on the grass portion of the park" in order to "have better traffic control." There are usually ten to fifteen special events per year during which the city "allows people to come out and use the park and park out there."

The Trent River raft race, which took place on the date of defendant's alleged offense, was one such event. At least 200 vehicles were legally parked in the park for this event. Approximately fifty were still parked there when defendant backed her car into another vehicle while on the portion of the park grounds legally in use as a parking lot.

Defendant argues that the park grounds cannot be a "public vehicular area" because the uncontroverted evidence establishes that they are not "*generally* open to and used by the public." N.C. Gen. Stat. 20-4.01(32) (emphasis supplied). In construing this statutory language "we are guided by the primary rule that the intent of the legislature controls." *State v. Spencer*, 276 N.C. 535, 546, 173 S.E. 2d 765, 773 (1970). The statutory definition of "public vehicular area" includes, by way of illustration, "any . . . parking lot upon the grounds and premises of . . . [a]ny parks . . . maintained and supported by the State . . . or any of its subdivisions." N.C. Gen. Stat. 20-4.01(32). It is undisputed that the area in question was upon the grounds of a park maintained and supported by the city of New Bern and the county of Craven, which are subdivisions of the State. It is equally undisputed that at the time in question the area was legally in use as a parking lot for a special event, and that it generally was so used on the occasion of such events.

We believe the legislature, in the enactment of N.C. Gen. Stats. 20-138.1 and 20-4.01(32), clearly intended to protect persons in areas such as that in question from the dangers posed by others who drive there while impaired. Adoption of the construction of "public vehicular area" for which defendant contends would be counter to that legislative purpose, and "[a] construction which will operate to defeat or impair the object of the statute must be avoided if that can reasonably be done without violence to the legislative language." *Spencer*, 276 N.C. at 546, 173 S.E. 2d at 773.

We therefore hold that the evidence permitted a finding that at the time in question the portion of the Bicentennial Park grounds legally in use as a parking lot was a "public vehicular area" within the meaning and intent of that phrase as used in N.C. Gen. Stat. 20-4.01(32). *See State v. Bowen*, 67 N.C. App. 512, 313 S.E. 2d 196, *appeal dismissed*, 312 N.C. 79, 320 S.E. 2d 405 (1984) (evidence sufficient to permit inference that driveway to

condominium complex was a "public vehicular area" as that phrase was defined in prior version of N.C. Gen. Stat. 20-4.01(32) ). The court thus correctly denied defendant's motions to dismiss and for judgment notwithstanding the verdict.

No error.

Judges BECTON and PARKER concur.