STATE OF NORTH CAROLINA v. WALTER BOBBY TURNER, JR.

No. COA94-771

(Filed 20 December 1994)

**Automobiles and Other Vehicles § 849 (NCI4th)— streets in mobile home park as public streets—driving while impaired conviction proper**

Defendant could properly be convicted of driving while impaired where he resided in a privately owned mobile home park; he drove his car to a neighbor's two trailers down; his blood alcohol level was .22; and the streets of the mobile home park,

which qualified as a subdivision, were open to public vehicular traffic. N.C.G.S. § 20-138.2(a) and (d); N.C.G.S. § 20-4.01(32).

## Am Jur 2d, Automobiles and Highway Traffic § 300.

Appeal by defendant from judgment entered 25 January 1994 by Judge Robert D. Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 December 1994.

On 31 January 1993, defendant, a resident of a privately-owned mobile home park known as the Timberline Mobile Home Park in Charlotte, drove his vehicle from his mobile home to a mobile home two homes away to assist a neighbor in starting an automobile. Defendant drove on Ann Elizabeth Drive, a privately-maintained paved road within the mobile home park. When defendant returned to his mobile home, he encountered an officer of the Charlotte Police Department, who asked defendant whether he had been drinking. Defendant responded affirmatively. The officer placed defendant under arrest and transported him to the intake center. Defendant subsequently registered a blood alcohol content reading of .22 on the intoxilyzer machine.

Defendant was charged by citation with driving while impaired. From a conviction in district court, he appealed to superior court, where he was found guilty of the offense by a jury. He appeals from a judgment suspending sentence imposed upon the conviction.

*Attorney General Michael F. Easley, by Assistant Attorney General Joseph P. Dugdale, for the State.*

*Harkey, Lambeth, Nystrom & Fiorella, by Edward A. Fiorella, Jr., for defendant appellant.*

ARNOLD, Chief Judge.

It is a misdemeanor to drive a vehicle upon "any highway, any street, or any public vehicular area within this State" while under the influence of an impairing substance, or, prior to 1 October 1993, at any relevant time after driving with an alcohol concentration of 0.10 (now 0.08). N.C. Gen. Stat. § 20-138.1(a) and (d) (1993). Defendant contends that he should have never been arrested or convicted of the offense because he never drove on a highway, street or public vehicular area, as the mobile home park is private property, and Ann Elizabeth Drive has never been dedicated to public use.

STATE v. TURNER

[117 N.C. App. 457 (1994)]

A "public vehicular area" is defined in N.C. Gen. Stat. § 20-4.01(32) (1993), in pertinent part, as follows:

> Any area within the State of North Carolina that is generally open to and used by the public for vehicular traffic, including by way of illustration and not limitation any drive, driveway, road, roadway, street, alley, or parking lot . . . .
>
> The term 'public vehicular area' shall also include . . . any road opened to vehicular traffic within or leading to a subdivision for use by subdivision residents, their guests, and members of the public, whether or not the subdivision roads have been offered for dedication to the public. The term 'public vehicular area' shall not be construed to mean any private property not generally open to and used by the public.

Black's Law Dictionary 1277 (5th ed. 1979) defines a "subdivision" as:

> Division into smaller parts of the same thing or subject-matter. The division of a lot, tract or parcel of land into two or more lots, tracts, parcels or other divisions of land for sale or development.

The evidence shows that Timberline Mobile Home Park is owned by one individual, who has divided the property into lots for lease. The mobile home park thus fits within the foregoing definition of a subdivision. The evidence further shows that the streets are not marked by signs indicating the roads are private or by signs prohibiting trespassing, and that the streets are available for use by residents and their guests or other visitors. We therefore conclude that a jury could find that Ann Elizabeth Drive is a public vehicular area within the meaning of G.S. § 20-4.01(32).

We hold the trial court correctly denied defendant's motion to dismiss the charge.

No error.

Judges EAGLES and ORR concur.