STATE OF NORTH CAROLINA v. REX ANDREW ROBINETTE

No. COA96-166

(Filed 15 October 1996)

**Automobiles and Other Vehicles § 849 (NCI4th)— DWI—car wash parking lot—public vehicular area—effect of local ordinance**

A town's adoption of an ordinance making it a misdemeanor for persons to park on the premises of a specific car wash unless using the car wash facilities did not convert the car wash parking lot from a "public vehicular area" to "private property" within the meaning of the driving while impaired statute, N.C.G.S. § 20-138.1(a). N.C.G.S. § 20-4.01(32)(b).

**Am Jur 2d, Automobiles and Highway Traffic §§ 205, 301.**

**Applicability, to operation of motor vehicle on private property, of legislation making drunken driving a criminal offense. 29 ALR3d 938.**

Appeal by defendant from judgment entered 5 December 1995 by Judge William C. Griffin, Jr. in Surry County Superior Court. Heard in the Court of Appeals 10 September 1996.

STATE v. ROBINETTE

[124 N.C. App. 212 (1996)]

*Attorney General Michael F. Easley, by Assistant Attorney General Joseph P. Dugdale, for the State.*

*W. David White, P.A., by W. David White, for defendant-appellant.*

WALKER, Judge.

Speedy Car Wash is a business establishment in Elkin, North Carolina, open year round, twenty four hours a day. At the request of the owner of the car wash, the Town of Elkin (Town) passed an ordinance making it a misdemeanor for persons to park on the premises of Speedy Car Wash unless using the car wash facilities. On the evening of 9 January 1994, Officer Jacob Armstrong of the Town's Police Department noticed several cars parked in the Speedy Car Wash parking lot. Officer Armstrong motioned for the cars to leave the lot because none of them were using the car wash vacuum hoses or wash bays. Officer Armstrong then continued on his routine patrol. When he later returned to the car wash, the defendant was still parked in the car wash parking lot. Upon seeing Officer Armstrong pull into the parking lot, the defendant began to move his car. At this time, Officer Armstrong turned on his blue lights and the defendant stopped his car, but never left the car wash parking lot.

Officer Armstrong approached the defendant's car and noticed a strong odor of alcohol coming from the car, as well as several partially consumed cans of beer in the car, including one can located between the passenger seat and the driver's door. He also observed passengers in the car. Officer Armstrong arrested the defendant and charged him with driving while impaired after the defendant performed poorly on a sobriety test. The defendant later submitted to a chemical analysis of his breath, which measured his blood alcohol content at .10.

At trial, the defendant's motion to dismiss was denied. He then asked for a special jury instruction on the definition of "public vehicular area." The court refused to give the requested instruction and the defendant was found guilty by the jury. The defendant contends that the trial court erred in not giving his requested instruction regarding the definition of "public vehicular area."

The issue in this case is whether the Town, by adopting an ordinance prohibiting loitering on the Speedy Car Wash premises,

changed the Speedy Car Wash parking lot from a "public vehicular area" to "private property." If the parking lot is considered private property, the defendant cannot be convicted of driving while impaired, because a key element of the offense of driving while impaired is that the offense take place on a highway, street, or "public vehicular area." N.C. Gen. Stat. § 20-138.1(a) (1993).

The defendant requested that the court give the jury the following instruction based on the fact that the Town had adopted the ordinance prohibiting loitering on the Speedy Car Wash premises:

"Public Vehicular Area" is defined by North Carolina General Statute § 20-4.01(32) [as] "any area within the state of North Carolina that is generally open to and used by the public for vehicular traffic." Public Vehicular Area shall not be construed to mean any private property not generally open to and used by the public. The court instructs you, if an area is private, or signs prohibit trespassing, loitering, or lack of use for the general public, then this would not be a public vehicular area.

However, instead of giving the jury the defendant's requested instruction on "public vehicular area," the trial court submitted the complete statutory definition, including the portion which provides that a "public vehicular area" is "[a]ny area within the State . . . generally open to and used by the public for vehicular traffic, including . . . any drive, driveway . . . or parking lot upon the grounds and premises of . . . any business . . . providing parking spaces for customers, patrons, or the public." N.C. Gen. Stat. § 20-4.01 (32)(b) (1993).

The recent case of *State v. Snyder*, 343 N.C. 61, 468 S.E.2d 221 (1996), is instructive in that the Supreme Court clarifies the term "public vehicular area" to encompass privately owned parking lots. In *Snyder*, the defendant was stopped in the parking lot of the Lost Dimensions Nightclub in Greensboro and charged with driving while impaired. *Id.* at 63, 468 S.E.2d at 222. At trial, the club manager testified that the club was private, that entry to the club was restricted to members and their guests during the club's business hours, and that the club was not open to the public. *Id.* at 64, 468 S.E.2d at 223. He further testified that the club did not allow non-members to use the club parking lot, that club members could use the parking lot only when they were inside the club, and that the club prohibited loitering in the parking lot. *Id.* Even though the club was private, the Supreme Court found the club parking lot to be a "public vehicular area" as a

matter of law and upheld the defendant's conviction of driving while impaired. *Id.* at 69, 468 S.E.2d at 226. The Supreme Court stated that "even if an establishment is cloaked in the robe of being a private club, it is still a 'business establishment providing parking space for its customers, patrons, or the public' and cannot escape liability simply because a membership fee is required." *Id.*

As in *Snyder*, it is clear from the facts in the present case that the Speedy Car Wash parking lot is a "public vehicular area." It is open to the public year round, twenty-four hours a day. Patrons can park on the car wash premises any time as long as they are using the car wash facilities. The adoption of an ordinance by the Town evidenced by a sign prohibiting loitering in the parking lot does not change the nature of the property, since the car wash is still a business providing parking for its customers, and as such, the premises remains a "public vehicular area" according to N.C. Gen. Stat. § 20-4.01(32)(b) (1993).

Prohibitions against loitering assist in the operation of businesses open to the public, as loitering by non-patrons can deter customers, distract employees, and overcrowd the premises. Members of the public using the car wash premises, however, deserve no less protection from impaired drivers in its parking lot than they do on public streets or highways.

The trial court properly instructed the jury on the definition of "public vehicular area."

No error.

Judges EAGLES and McGEE concur.