MURPHY, Judge.
 

 *88
 
 Kenneth Wayne Green, Jr. ("Defendant") appeals his conviction for driving a motor vehicle while his license was revoked ("DWLR") in violation of N.C.G.S. § 20-28(a). On appeal, Defendant assigns error to the trial court's refusal to instruct the jury that a defendant must have knowledge of his license revocation to be found guilty of DWLR. After careful review, we hold that, because Defendant introduced evidence that he had not received actual notice of his license's revocation from the Department of Motor Vehicles, the trial court was required to instruct the jury that it could find Defendant guilty only if he had knowledge of this revocation. We vacate Defendant's conviction and grant a new trial.
 

 BACKGROUND
 

 Defendant was driving on Old Statesville Road in Charlotte on 26 August 2015. Officer William Howard ("Officer Howard"), with the Charlotte-Mecklenburg Police Department, was on patrol in the area and pulled Defendant over because his vehicle's registration tag had expired. Officer Howard cited Defendant
 
 *668
 
 for driving while displaying an expired registration tag in violation of N.C.G.S. § 20-111(1) and for DWLR in violation of N.C.G.S. § 20-28(a). The Defendant's license was previously revoked for driving while impaired.
 

 Defendant's trial was bifurcated at his request. The first phase tried the DWLR and driving with an expired registration tag charges, and the second phase determined whether or not Defendant's license revocation was an impaired driving revocation pursuant to N.C.G.S. § 20-28(a1). During the first phase, the State entered a certified copy of Defendant's driving record into evidence. This record indicated that his license was suspended from 25 July 2015 through 25 July 2016.
 
 [1]
 
 The driving record
 
 *89
 
 also included copies of four dated letters from the Department of Motor Vehicles ("DMV") addressed to Defendant which stated that his license had been suspended. However, Defendant testified that he had never received any of these letters and was unaware that his license had been suspended. He opined that his father, Kenneth Wayne Green Sr., might have received and opened the letters because he lived at the same address as Defendant.
 

 At the charge conference, the trial court proposed using a modified version of pattern jury instruction 271.10 for the DWLR charge. The unmodified version of 271.10 reads:
 

 For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt: First, that the defendant drove a motor vehicle. Second, that he drove the motor vehicle on a highway. And Third, that at the time he was driving the motor vehicle, his driver's license was [suspended] [revoked].
 
 The defendant must have had knowledge of the revocation at the time he was driving the motor vehicle.
 

 In order for you to find that notice of the [suspension] [revocation] was given, of which the defendant had knowledge, [the State must prove beyond a reasonable doubt that notice of the [suspension] [revocation] was personally delivered to the defendant [the State must prove beyond a reasonable doubt that the defendant surrendered his license to (name official) of the (name court) (name date) [the State must prove three things beyond a reasonable doubt:
 

 First, that notice was deposited in the United States mail at least four days before the alleged driving of a motor vehicle by the defendant. Second, that the notice was mailed in an envelope with postage prepaid. And Third, that the envelope was addressed to the defendant at his address as shown by the records of the Department of Motor Vehicles.
 

 Proof beyond a reasonable doubt that the State complied with the three requirements of the notice provisions permits, but does not compel you to find that defendant received the notice and thereby acquired
 
 *90
 
 knowledge of the [suspension] [revocation]. The State must prove the essential elements of the charge, including the defendant's knowledge of the [suspension] [revocation], from the evidence beyond a reasonable doubt.
 

 If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant drove a motor vehicle on a highway, while his driver's license was [suspended] [revoked]; and that the defendant knew on that date that his license was [suspended] [revoked] because [notice of the [suspension] [revocation] was personally delivered to the defendant] [the defendant surrendered his license to (name official) of the (name court) on (name date) ] [at least four days before the alleged offense the Department of Motor Vehicles deposited notice of the [suspension] [revocation] in the United States mail in an envelope with postage prepaid and addressed to the defendant at his address as shown by the records of the Department] then it would by [sic] your duty to return a verdict of guilty. If you do not so find or if you have a reasonable doubt as to one or more of these
 
 *669
 
 things, it would be your duty to return a verdict of not guilty.
 

 N.C.P.I. Crim. 271.10 (2001).
 

 The trial court suggested removing the following language from the pattern jury instruction-
 
 the defendant must have had knowledge of the revocation at the time he was driving the motor vehicle.
 
 Defendant objected, but the trial court overruled the objection and instructed the jury on the DWLR charge as follows.
 

 The defendant has been charged with driving a motor vehicle on a highway while his driver's license was suspended or revoked. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt: First, that the defendant drove a motor vehicle. Second, that he drove the motor vehicle on a highway. And third, that at the time he was driving the motor vehicle his driver's license was suspended or revoked. In order for you to find notice of a suspension or revocation was given, the State must prove three things beyond a reasonable doubt. First, that notice was deposited in the United States mail at least four days before the alleged driving of a motor vehicle by the defendant. Second, that the notice was mailed in an envelope with postage prepaid. And third, that the envelope was addressed to the
 
 *91
 
 defendant at his address as shown by the records of the Department of Motor Vehicles. And so if you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant drove a motor vehicle on a highway, while his driver's license was suspended or revoked, at least four days before-and that at least four days before the alleged offense the Department of Motor Vehicles deposited notice of the suspension or revocation in the U. S. Mail, in an envelope with postage prepaid, and addressed to the defendant at his address as shown by the records of the Department, then it would be your duty to return a verdict of guilty.
 

 The jury found Defendant guilty of DWLR.
 

 During the trial's second phase, an unredacted version of Defendant's driving record was admitted into evidence which showed that his license had been revoked for driving while impaired. The State rested, Defendant introduced no additional evidence, and the trial court submitted the question of whether Defendant's license had been revoked on the basis of an impaired driving revocation to the jury. The jury was instructed as follows.
 

 Do you find from the evidence beyond a reasonable doubt that at the time the defendant was driving while license revoked (
 
 sic
 
 ) the defendant's license was revoked based on an impaired driving revocation?
 

 The law states that a revocation is an impaired driving revocation if it is based on a person's refusal of a chemical analysis. The State bears the burden of proving that fact beyond a reasonable doubt.
 

 The jury answered affirmatively, and the trial court entered a suspended sentence of 120 days imprisonment and 18 months of supervised probation. Defendant gave notice of appeal in open court.
 

 ANALYSIS
 

 Defendant's only argument on appeal contends that the jury instructions did not require the jury to find every element of DWLR, specifically that an individual must have "knowledge" of his license revocation. Rather, the instructions given only included the elements necessary to create a rebuttable presumption in favor of the State that a defendant had received notice of his license revocation and thereby acquired knowledge of it. We agree.
 

 *92
 
 Arguments challenging a trial court's decisions regarding jury instructions are reviewed de novo.
 
 State v. Osorio
 
 ,
 
 196 N.C. App. 458
 
 , 466,
 
 675 S.E.2d 144
 
 , 149 (2009). "A trial court must instruct jurors on every element of the charged offense."
 
 State v. Snyder
 
 ,
 
 343 N.C. 61
 
 , 68,
 
 468 S.E.2d 221
 
 , 225 (1996). A conviction for DWLR under N.C.G.S. § 20-28(a) requires the State to prove beyond a reasonable doubt that (1) a defendant operated a motor vehicle (2) on a public highway (3) while his driver's license was revoked.
 
 State v. Atwood
 
 ,
 
 290 N.C. 266
 
 , 271,
 
 225 S.E.2d 543
 
 , 545 (1976). "The State must also prove the defendant had actual or constructive knowledge of the ... revocation in order for there to be a conviction under this statute."
 
 State v. Cruz
 
 ,
 
 173 N.C. App. 689
 
 , 697,
 
 620 S.E.2d 251
 
 , 256 (2005) (citing
 
 *670
 

 Atwood
 
 , at 271,
 
 225 S.E.2d at
 
 545 )(internal quotations omitted). If the State presents evidence that the DMV mailed notice of a defendant's license revocation to the address on file for the defendant in compliance with N.C.G.S. § 20-48 at least four days before the DWLR offense, a "prima facie presumption that the defendant received the notice, thereby acquiring knowledge of his license revocation" is raised.
 
 Atwood
 
 , at 271,
 
 225 S.E.2d at 545
 
 . However, a "defendant is not ... denied the right to rebut this presumption,"
 

 id.
 

 , at 271,
 
 225 S.E.2d at 545
 
 , and if the defendant presents "
 
 some
 
 evidence of failure of defendant to receive the notice or
 
 some
 
 other evidence sufficient to raise the issue ... the trial court must ... instruct the jury that guilty knowledge by the defendant is necessary to convict[.]"
 
 State v. Chester
 
 ,
 
 30 N.C. App. 224
 
 , 227-228,
 
 226 S.E.2d 524
 
 , 526-527 (1976) (emphasis added).
 

 Here, the State provided evidence that notice of Defendant's driver's license revocation had been mailed in accordance with N.C.G.S. § 20-48 to the address on file for Defendant at least four days before the offense was committed. This evidence was sufficient to establish the presumption that Defendant had notice and knowledge of his revocation. To rebut the presumption,
 
 Chester
 
 required Defendant to produce "
 
 some
 
 evidence of failure of defendant to receive the notice or
 
 some
 
 other evidence sufficient to raise the issue."
 
 Chester
 
 , at 227-228,
 
 226 S.E.2d at 526-527
 
 . Defendant did precisely that: he testified that he did not receive the notice from the DMV and offered evidence to explain why the mailed notification might not have reached him. His evidence suggested that, because of his shared name and address with his father, he never received actual notice of his license's revocation. This evidence, which the jury was free to believe or disbelieve, clears the low bar that
 
 Chester
 
 and
 
 Cruz
 
 set out. Defendant was therefore entitled to an instruction consistent with Pattern Jury Instruction 271.10 that informed the jury that "the defendant must have had knowledge of the revocation at the
 
 *93
 
 time he was driving the motor vehicle."
 
 See
 
 N.C.P.I. Crim. 271.10 (2001). The trial court erred by refusing to provide it.
 

 Turning to the issue of whether or not the error was prejudicial so as to require a new trial, we hold that it was. An error in jury instructions is prejudicial "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443 (2017). The burden of showing prejudicial error is on the defendant,
 
 id
 
 ., and when this burden is met, a new trial is a proper remedy.
 
 See
 

 State v. Castaneda
 
 ,
 
 196 N.C. App. 109
 
 , 118,
 
 674 S.E.2d 707
 
 , 713 (2009) (citations omitted);
 
 see also
 
 N.C.G.S. § 15A-1447(a) (2017) ("If the appellate court finds that there has been reversible error which denied the defendant a fair trial conducted in accordance with law, it must grant the defendant a new trial.").
 

 Lack of knowledge of his license revocation was Defendant's only defense to the DWLR charge. He did not dispute that his license had been revoked or that he was driving on a public road when he was stopped. Like the defendant in
 
 State v. Chester
 
 , who received a new trial due to an error in jury instructions, Defendant here offered some evidence that he did not receive notice and had no knowledge that his license had been revoked. Therefore, there is a reasonable possibility that a jury, properly instructed, would have acquitted him on this charge and there must be a new trial.
 
 See
 

 Chester
 
 , at 228,
 
 226 S.E.2d at 527
 
 ("Since in the case before us the defendant offered evidence that he did not receive notice and had no knowledge that his license had been suspended and the court did not charge the jury that it could find the defendant guilty only if he knew of the license suspension, we find error, and there must be a [new trial.]").
 

 CONCLUSION
 

 The trial court failed to instruct the jury on every essential element of DWLR, and this error was prejudicial to Defendant. We vacate Defendant's conviction for DWLR and remand the case for a new trial.
 

 NEW TRIAL.
 

 Judges HUNTER, JR. and DAVIS concur.
 

 [1]
 

 The portions of Defendant's driving record containing the cause of his license's revocation (impaired driving) were redacted in the first phase.