IN THE SUPREME COURT OF NORTH CAROLINA

No. 23PA22

Filed 23 May 2024

STATE OF NORTH CAROLINA

v.

ERIC PIERRE STEWART

On discretionary review pursuant to N.C.G.S. § 7A-31 from the unpublished decision of a unanimous panel of the Court of Appeals, No. COA21-101, (N.C. Ct. App. Jan. 4, 2022), vacating a judgment entered on 16 May 2019 by Judge George Cooper Bell in Superior Court, Mecklenburg County. Heard in the Supreme Court on 8 November 2023.

*Joshua H. Stein, Attorney General, by Zachary K. Dunn, Assistant Attorney General, for the State-appellant.*

*Glenn Gerding, Appellate Defender, by Sterling Rozear, Assistant Appellate Defender, for defendant-appellee.*

NEWBY, Chief Justice.

In this case we decide whether an indictment charging defendant with sexual battery is fatally flawed because it failed to expressly allege that defendant engaged in sexual contact with another person "by force." An indictment is valid if it alleges facts to support the essential elements of the crime with which a defendant is charged, such that the defendant has sufficient notice to prepare his defense. The indictment here asserts that defendant unlawfully and willfully engaged in sexual

contact with the victim "without her consent" but does not include the words "by force." Because this language implies the use of force and gives defendant adequate notice of the charge against him, the indictment is facially valid. Therefore, we reverse the decision of the Court of Appeals.

The evidence at trial tended to show the following. On 17 January 2016, the victim celebrated her birthday with two friends in Charlotte. The trio went to brunch before driving together to Zen Massage, where the victim was scheduled for a deep-tissue massage. Upon arrival, defendant, a massage therapist employed by Zen Massage, met the victim in the lobby and led her to a massage room located in a separate building. After a brief conversation with defendant, the victim undressed to her underwear and laid face-down on the massage table, covering herself with a sheet. Defendant subsequently began massaging the victim's back and shoulders.

After massaging the victim's back, defendant asked the victim to turn over so that he could massage the tops of her legs. The victim remained covered by the top sheet after turning over. As defendant massaged the victim's legs, she warned defendant that she had several cysts located on the inside of her right thigh. Defendant offered to massage the area near the cysts, to which the victim agreed.

As defendant massaged the inside of her thigh, the victim felt his pinky finger "kind of graze the fabric of [her] panties." The victim said nothing, believing it was an accident. Moments later, however, defendant digitally penetrated the victim's vagina three times. The victim did not consent to the penetrations, nor did defendant

say anything. The victim testified that she was shocked by the incident and described herself as "frozen" in the moments after the incident occurred. Defendant acted as though nothing happened and began massaging the victim's arms, telling her, "I wouldn't want to do anything that would make you uncomfortable."

Defendant completed the victim's massage and instructed her to get dressed prior to leaving the room. Before the victim could finish dressing, defendant stuck his head back into the room without knocking and asked if the victim was "good in [t]here." The victim testified that she found this behavior strange and that it added to her discomfort. The victim finished dressing and left Zen Massage with her friends without reporting the incident to the staff because she "really just wanted to get out of there."

After getting into the car with her friends, the victim told them about the incident during her massage. The trio then went to the home of one of the friends, where they searched for and found defendant's Facebook profile. The victim called the police and reported the incident the following day, 18 January 2016. Later that day, the victim went to the police station and made an official statement where she recounted the incident in writing. Police conducted a recorded follow-up interview with the victim about the incident on 26 January 2016.

On 27 January 2016, police contacted Zen Massage seeking defendant's contact information. Police informed the staff at Zen Massage that they planned to obtain a warrant for defendant's arrest in connection with a criminal assault. Police obtained

a warrant for defendant's arrest on 28 January 2016. Defendant contacted the police officers investigating his case and met with them for an interview on 2 February 2016. Prior to the interview, defendant looked himself up on the Mecklenburg County Sheriff's Department online warrant repository and confirmed that an arrest warrant had been sworn out against him for felonious sexual assault.

On 2 February 2016, following his interview with police, defendant was arrested in connection with the incident. On 11 April 2016, defendant was indicted on one count of second-degree forcible sexual offense under N.C.G.S. § 14-27.27 and one count of sexual battery under N.C.G.S. § 14-27.5A.[1] Regarding the sexual battery offense, the indictment expressly cited the pertinent statute and read as follows:

> [O]n or about the 17th day of January, 2016, in Mecklenburg County, [defendant], did unlawfully and willfully for the purpose of sexual arousal, engage in sexual contact with another person, [the victim], without her consent.

Defendant pled not guilty. Defendant did not request a bill of particulars, nor did he object to the language of the indictment at trial. At no time did defendant challenge the trial court's jurisdiction or argue that the indictment failed to put him on notice of the charged offense or protect him from double jeopardy.

On 16 May 2019, a jury found defendant guilty of sexual battery and not guilty

---

[1] The General Assembly recodified the crime of sexual battery as N.C.G.S. § 14-27.33 effective 1 December 2015, and applicable to offenses committed on or after that date. Act of Aug. 5, 2015. S.L, 2015-181, § 15, 2015 N.C. Sess. Laws 460, 464. No argument was raised that the citation to section 14-27.5A failed to put defendant on adequate notice.

of second-degree forcible sexual offense. The trial court entered judgment accordingly and sentenced defendant to sixty days in the custody of the Mecklenburg County Sheriff. The trial court suspended the sentence and placed defendant on twenty-four months of supervised probation. The trial court also ordered defendant to surrender his massage therapist license and register as a sex offender. Defendant appealed.

On appeal, defendant argued that the trial court lacked subject matter jurisdiction over the sexual battery charge because the indictment omitted an essential element of the offense. *State v. Stewart*, No. COA21-101, slip op. at 2 (N.C. Ct. App. Jan. 4, 2022) (unpublished). Specifically, defendant argued that the indictment omitted that the act was committed "by force." *Id.* The Court of Appeals concluded that the plain language of N.C.G.S. § 14-27.33 requires that an indictment for sexual battery "allege *both* that the act was committed by force *and* against the will of the other person," and that the indictment in this case failed to do so. *Id.* at 4. Because the indictment only expressly mentioned one of these essential elements, the Court of Appeals concluded that it was invalid. *Id.*; *see State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (holding that a valid indictment must contain the "essential elements of the offense" to confer subject matter jurisdiction); *In re J.U.*, No. COA20-812, slip op. at 6 (N.C. Ct. App. Jul. 6, 2021) (unpublished) (holding that "force" is an essential element of sexual battery), *rev'd on other grounds*, 384 N.C. 618, 887 S.E.2d 859 (2023).

On 7 February 2022, the State filed a petition for discretionary review asking

this Court to review the decision of the Court of Appeals. The State argued that the sexual battery indictment was sufficient. This Court allowed the State's petition on 4 May 2022.

In another opinion filed today by this Court, we hold that so long as a crime against the laws and people of this State has been alleged, defects in indictments do not deprive the trial court of jurisdiction. *See State v. Singleton*, No. 318PA22, slip op. at 40 (N.C. May 23, 2024). A defendant challenging an indictment as defective must show that the indictment contained a statutory or constitutional defect and that such error was prejudicial. *See id.* at 42. Therefore, we consider whether the indictment here, which failed to allege the act was committed "by force," is flawed so as to constitute error. This Court reviews the sufficiency of an indictment de novo. *State v. White*, 372 N.C. 248, 250, 827 S.E.2d 80, 82 (2019).

"An 'indictment is a written accusation by a grand jury, filed with a superior court, charging a person with the commission of one or more criminal offenses.'" *State v. Lancaster*, 385 N.C. 459, 462, 895 S.E.2d 337, 340 (2023) (quoting N.C.G.S. § 15A-641(a) (2021)). Generally, the purposes of an indictment "are to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime." *State v. Sturdivant*, 304 N.C. 293, 311, 283 S.E.2d 719, 731 (1981). An indictment is valid and

> sufficient in form for all intents and purposes if it
> express[es] the charge against the defendant in a plain,

intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment.

N.C.G.S. § 15-153 (2023).

Furthermore, "[i]t is generally held that the language in a statutorily prescribed form of criminal pleading is sufficient if the act or omission is clearly set forth so that a person of common understanding may know what is intended." *State v. Coker*, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984). Indictments, therefore, do not "bind the hands of the State with technical rules of pleading" as "it would not favor justice to allow [a] defendant to escape merited punishment upon a minor matter of form." *Sturdivant*, 304 N.C. at 311, 283 S.E.2d at 731. Rather, "contemporary criminal pleading requirements have been designed to remove from our law unnecessary technicalities which tend to obstruct justice." *Lancaster*, 385 N.C. at 462–63, 895 S.E.2d at 340 (quoting *In re J.U.*, 384 N.C. 618, 623, 887 S.E.2d 859, 863 (2023)). Taken together with the purpose of an indictment "to put the defendant on notice of the crime being charged and to protect the defendant from double jeopardy," a test for indictment validity becomes "whether the indictment alleges facts supporting the essential elements of the offense to be charged." *State v. Newborn*, 384 N.C. 656, 659, 887 S.E.2d 868, 871 (2023); *see also* N.C.G.S. § 15A-924(a)(5) (2023).

Section 14-27.33 states that "[a] person is guilty of sexual battery if the person, for the purpose of sexual arousal, sexual gratification, or sexual abuse, engages in sexual contact with another person . . . [b]y force and against the will of the other person." N.C.G.S. § 14-27.33(a) (2023). Recently, this Court considered a similar issue in *In re J.U.*: whether force, as required in a sexual battery under N.C.G.S. § 14-27.33, could be implied from language that the act was nonconsensual. *In re J.U.*, 384 N.C. at 625, 887 S.E.2d at 864. In *In re J.U.*, a juvenile petition "alleg[ed] that [the juvenile] touched [the victim's] vaginal area without her consent." *Id.* at 625–26, 887 S.E.2d at 864–65. This Court held that although the petition did not allege that the act was committed by force, because the petition alleged that the act was committed without the victim's consent, "the petition asserted a fact from which the element of force was, at the very least, 'clearly inferable' such that 'a person of common understanding may know what [wa]s intended.' " *Id.* (quoting *Coker*, 312 N.C. at 435, 323 S.E.2d at 346). This Court explained that "one cannot engage in nonconsensual sexual contact with another person without the application of some 'force,' however slight." *Id.* at 625, 887 S.E.2d at 864.

Here the indictment charged that defendant "did unlawfully and willfully for the purpose of sexual arousal, engage in sexual contact with another person, [the victim], without her consent." Implicit in this language is the fact that defendant committed sexual acts upon the victim by force, however slight. Nonconsensual sexual contact necessarily implies that the contact was committed by the use of some

degree of force and against the will of the victim. The element of force is inferable from the language of the indictment such that a person of common understanding might know what was intended. Additionally, the indictment states the charge against defendant in a plain, intelligible, and explicit manner, citing the statute under which defendant was charged. Defendant was placed on notice of the charge levied against him, allowing him to prepare for trial and protecting him from double jeopardy. Moreover, defendant never objected to the language of the indictment or alleged that it failed to put him on notice of the charged offense.

Defendant's argument here represents a regression to the era of technical pleading rules from which this State's jurisprudence has long since departed. As this Court has written time and again, such rules tend to emphasize form over substance, undermining justice. We hold that the indictment here is facially valid, having sufficiently alleged facts to place defendant on notice of the charge against him. Accordingly, the decision of the Court of Appeals is reversed.

REVERSED.

Justice EARLS concurring in the result.

If this Court were addressing as a matter of first impression whether an allegation of force is a necessary element of sexual battery under N.C.G.S. § 14-27.33, I would dissent from the Court's decision and recommend affirming the Court of Appeals for the reasons given in my dissenting opinion in *In re J.U.*, 384 N.C. 618, 626–31 (2023) (Earls, J., dissenting). As I explained in that dissent, "our legislature has determined that force is required to commit sexual battery." *Id.* at 626. Applying that analysis here, Mr. Stewart's indictment for sexual battery needed to specifically assert that he engaged in sexual contact with another person "by force." *See id.* at 626–30. In *In re J.U.*, however, a majority of this Court held that the State need not expressly allege force so long as the "element of force [is] clearly inferable from the facts alleged in the" charging document. *Id.* at 626 (majority opinion). Because Mr. Stewart's indictment meets the standard articulated in *In re J.U.*, and because that decision is the binding law of this State until overruled, I concur in the Court's decision on whether the indictment needed to explicitly allege the use of force.

On the question of whether Mr. Stewart's indictment was fatally defective so as to deprive the trial court of jurisdiction, I would dissent if this Court were addressing the issue in the first instance. As explained in my dissent in *State v. Singleton*, No. 318PA22 (N.C. May 23, 2024) (Earls, J., dissenting), I would hold that defective indictments are jurisdictional and require vacatur of a conviction premised on a fatally flawed charging instrument. As with *In re J.U.*, however, a majority of

the Court has taken a different view and holds today that constitutional and statutory defects in an indictment are non-jurisdictional. *See State v. Singleton*, No. 318PA22 (N.C. May 23, 2024) (majority opinion). Until that decision is reversed, it remains the law to which I am bound. For that reason, I concur in the result reached by the Court.

Justice RIGGS joins in this concurring opinion.